NOT DESIGNATED FOR PUBLICATION

No. 112,488

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MAX HAROLD-FRANCIS HAHN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed November 6, 2015. Affirmed.

*Nancy Ogle*, of Ogle Law Office, LLC, of Wichita, for appellant.

*Christina Trocheck*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., STANDRIDGE, J., and BURGESS, S.J.


*Per Curiam*: Max Harold-Francis Hahn appeals the district court's denial of his presentence motion to withdraw his guilty plea to amended charges of one count of robbery and one count of conspiracy to commit robbery. On appeal, Hahn contends that he did not understand the possible ramifications of his plea because he was unaware that his criminal history included two person felonies. A review of the record, however, reveals that Hahn was properly advised of his rights—including the possible sentence he could receive—before he entered his plea. Accordingly, we find that the district court

appropriately determined that Hahn failed to show good cause to withdraw his plea as required by K.S.A. 2014 Supp. 22-3210(d)(1).

Additionally, Hahn maintains that the district court erred in denying his challenge to his criminal history. He claims that the State provided insufficient evidence to prove his criminal history because the documents were not sufficiently certified. But the district court determined that the documents provided by the State were sufficiently certified to prove Hahn's prior convictions, and a review of the record reveals that this finding is supported by substantial competent evidence. Thus, we affirm.

FACTS

On June 25, 2013, the State charged Hahn with two counts of aggravated robbery. In an amended information filed on November 27, 2013, the State charged Hahn with one count of conspiracy to commit aggravated robbery in addition to the two counts of aggravated robbery. On December 30, 2013, Hahn pled guilty pursuant to a plea agreement to amended charges of one count of robbery and one count of conspiracy to commit robbery. After advising Hahn of his rights, the district court accepted the plea and found him guilty of both counts.

On April 7, 2014, Hahn filed a motion to vacate or withdraw his plea. In his motion, Hahn alleged that there was good cause to withdraw his plea because he had forgotten about some of his prior criminal convictions. As a result, Hahn claimed that he mistakenly believed that he would receive more of a benefit from the plea bargain than it appeared that he would be receiving. On the same day, Hahn also filed a motion for a dispositional and durational departure and a motion challenging his criminal history.

On May 13, 2014, the district court held a sentencing hearing at which it first considered Hahn's motion to withdraw his plea. Hahn argued that at the time he agreed to

the plea bargain, he was "confident that his criminal history would only represent one person felony." But when he received his presentence investigation report, it showed two person felonies.

In response, the State argued that Hahn's allegation that he did not know his criminal history was not sufficient to demonstrate good cause to withdraw his plea. Furthermore, the State argued that Hahn had failed to establish any of the factors set forth in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). The State also pointed out that Hahn received a substantial benefit when the State amended the charges to robbery without a firearm in exchange for the plea. The State argued that otherwise, if convicted, Hahn would have been subject to a sentence in excess of 20 years of imprisonment.

Considering each *Edgar* factor, the district court first determined that Hahn was represented by competent, knowledgeable, and experienced counsel who helped him obtain a favorable plea bargain. Additionally, the district court found that Hahn was not misled, coerced, mistreated, or unfairly taken advantage of. The district judge noted that Hahn had stated at the plea hearing that his plea was freely and voluntarily entered. Moreover, the district court noted that it had offered Hahn a chance to talk to defense counsel before entering the plea, which Hahn declined to do, and that he led Hahn through the possible sentence range for each of the offenses. Finally, the district court determined that Hahn's plea was fairly and understandingly made because his prior offenses were recent enough that he should have remembered them.

Ultimately, the district court determined that Hahn failed to establish good cause for withdrawal of the plea. The district court then considered Hahn's motion objecting to his criminal history. The State provided the court with documents from Montana to prove Hahn's criminal history—showing two nonperson and two person felonies—which included photographs of Hahn. Although defense counsel would not stipulate to the authenticity of the Montana documents, the district court found that the certification

3

attached to the documents proving the convictions was sufficient even if was not exactly the same as certifications used in Kansas to prove prior convictions. Accordingly, the district court denied Hahn's challenge to his criminal history and found his criminal history score was B as reflected on his presentence investigation report. The district court similarly denied Hahn's departure motion and imposed a presumptive sentence of 114 months' imprisonment.

ANALYSIS

*Motion to Withdraw Plea*

Hahn first contends that the district court erred in finding that he did not show good cause to withdraw his plea. A district court may use its discretion to withdraw a guilty plea at any time before sentencing on a showing of good cause. K.S.A. 2014 Supp. 22-3210(d)(1). On appeal, an appellant must establish that the district court abused its discretion in denying a presentence motion to withdraw plea. *State v. Kenney*, 299 Kan. 389, 393, 323 P.3d 1288 (2014). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

The parties agree that the following three factors—referred to as the *Edgar* factors—apply as general guides when considering whether a defendant has demonstrated good cause under K.S.A. 2014 Supp. 22-3210(d)(1) to withdraw a plea prior to sentencing: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. Courts should not apply these factors mechanically or to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).

4

Here, Hahn argues that he did not understand the significance and the possible outcomes of his guilty plea. He states that he was unaware that his criminal history included two person felonies. Additionally, he claims that the following factors show that the district court abused its discretion by not granting his motion to withdraw his plea: "the lack of prejudice to the State; his young age at the time of the person felonies in Montana; the fact that Hahn's prior person felonies were well over a decade old; and the significant impact his misunderstanding had on his sentence."

The district court, however, found that Hahn's claim that he did not understand the sentencing guidelines was not particularly credible because it explained the guidelines to him before he entered his plea and his defense counsel was very familiar with the guidelines. Moreover, none of the other factors Hahn alleges on appeal negate the fact that the district court determined that he had not shown good cause for withdrawal of his plea. Specifically, we find that the district court's findings that Hahn was represented by competent counsel; he was not misled, coerced, mistreated, or unfairly taken advantage of; and his plea was fairly and understandingly made are supported by the record.

We, therefore, conclude that the district court did not abuse its discretion by finding that Hahn had failed to demonstrate good cause to withdraw his plea, and we affirm the district court's decision denying Hahn's motion to withdraw his plea.

*Criminal History Challenge*

Next, Hahn contends that the district court erred in denying his challenge to his criminal history. He claims that the evidence offered by the State to prove his criminal history was insufficient. A defendant's criminal history must be determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge. K.S.A. 2014 Supp. 21-6814(a). A preponderance of the evidence is "'"evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it"

5

. . . [and] evidence which shows a fact is more probably true than not true. [Citations omitted.]'" *In re B.D.-Y.*, 286 Kan. 686, 691, 187 P.3d 594 (2008).

The criminal history worksheet is sufficient to prove a defendant's criminal history unless the defendant notifies the State and the court of an error, at which time the State then has the burden to prove the disputed criminal history. See K.S.A. 2014 Supp. 21-6814(c). On appeal, this court reviews the district court's ruling that the State met this burden by determing whether it is supported by substantial competent evidence. See *State v. Hughes*, 290 Kan. 159, Syl. ¶ 1, 224 P.3d 1149 (2010). Substantial evidence is legal and relevant evidence that a reasonable person would find sufficient to support a conclusion. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015).

Hahn argues that the evidence presented by the State to prove his prior Montana convictions was insufficient because the State did not provide certified copies of the prior convictions. Nevertheless, K.S.A. 2014 Supp. 21-6814 does not require that the State provide certified copies of prior convictions. Moreover, Hahn has not provided authority to support his position that the documents were not certified copies, and therefore, he has not shown that the documents were insufficient to prove his criminal history. The State argues that the copies provided by Montana were sufficient under K.S.A. 60-465 because they contained both the seal and the certification of the Montana court.

The district court reviewed the documents provided by the State from the Montana court system—which included photographs of Hahn—and found that the certification to be sufficient to prove that the records were Hahn's. Moreover, the record reveals that the district court's finding is supported by substantial competent evidence, and the documents prove Hahn's prior convictions by a preponderance of the evidence. Thus, we also affirm the district court's denial of Hahn's challenge to his criminal history.

Affirmed.

6