No. 106,508

STATE OF KANSAS, *Appellee*, v. NATHANIEL KENNEY, *Appellant*.

(323 P.3d 1288)

Opinion filed May 16, 2014.

*Matthew J. Edge*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Defendant Nathaniel Kenney appeals from denial of his presentencing pro se motion to withdraw his no contest plea to one count of aggravated kidnapping and one count of aggravated robbery.

On appeal to the Court of Appeals, Kenney argued that the district judge had denied his right to counsel under the Sixth Amendment to the United States Constitution by hearing the motion to withdraw plea without appointing a new lawyer for him. The Court of Appeals rejected this argument, and we granted Kenney's petition for review.

We reverse the judgment of the district court and the decision of the Court of Appeals and remand to the district court for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Kenney with 13 felonies based on his alleged participation in a home invasion in Kansas City.

Eleven days before trial was scheduled to start, Kenney's court-appointed defense counsel, Jeffrey Leiker, filed a motion to withdraw. In the motion, Leiker wrote that Kenney had demanded Leiker "withdraw as his legal representation and cease all activity on his behalf." The motion also said that Kenney had sent Leiker "multiple written communications" expressing dissatisfaction with his representation.

At a hearing on the motion 4 days later, Kenney told the district judge that he and Leiker had "been having a conflict of interest for a while now." Kenney then recited a litany of grievances, including allegations that Leiker failed to review discovery material adequately, failed to investigate the case, failed to file requested motions, failed to ask specific questions during the preliminary hearing, and denied Kenney the opportunity to cross-examine witnesses and put on evidence directly during the preliminary hearing. The judge told Kenney that his complaints generally dealt with matters of trial strategy subject to the discretion of counsel and denied the motion to withdraw.

On the morning trial was set to begin, at a pretrial hearing, Leiker orally renewed his motion to withdraw at Kenney's request. Leiker explained that he had attempted to meet with Kenney "six to seven" times in the preceding week, but "they were fruitless meetings" because Kenney "shut down" and refused to communicate. Kenney told the district judge that Leiker had been "hostile and belligerent" at their last meeting and had concluded that meeting by telling Kenney to "go to hell." The district judge told Kenney that it was not unusual for attorneys and defendants "to get a little bit hot about things during the course of the case" and again denied the motion.

As communication between Kenney and Leiker deteriorated in the week leading up to trial, the State's case improved considerably. Kenney's sons, who were codefendants, agreed to testify against their father. Although Leiker filed a motion for discovery related to the sons' statements, it yielded nothing. Leiker's motion for a continuance so that he could get an investigator to talk with Kenney's sons was also denied.

During a recess between the pretrial hearing and the scheduled trial, Kenney decided to change his plea from not guilty to no contest. Under the terms of his plea agreement, Kenney entered his pleas to 1 count of aggravated kidnapping and 1 count of aggravated robbery in exchange for the State's dismissal of the 11 other felony charges. The State also agreed to join Kenney's durational departure motion requesting 160 months' imprisonment. Kenney otherwise faced the potential of 714 months' imprisonment on the two counts.

The plea agreement stated that Kenney did "not waive right to appeal court's ruling on previous motions." And, at Kenney's plea hearing, Leiker told the district judge that, "as part of the plea in the terms of the plea, my client is not actually waiving his right to appeal some of the Court's rulings in the motions that have been filed and discussed here today and previously." The judge did not correct counsel's obvious misimpression that such a reservation was legally possible. In fact, the judge compounded counsel's mistake.

"THE COURT: You understand that in this matter you have an absolute right to a trial by a jury?

"DEFENDANT KENNEY: Yes.

"THE COURT: And at that trial the Court would—the State would have to present evidence against you and they'd have to prove you guilty beyond a reasonable doubt, you wouldn't have to prove anything yourself; you understand that?

"DEFENDANT KENNEY: Yes.

"THE COURT: In addition, you could call witnesses in your behalf and you could testify in your own behalf if you wanted, but you wouldn't be required to do so; you understand that?

"DEFENDANT KENNEY: Yes.

"THE COURT: If this matter went to trial and you were convicted, do you understand you'd have a right to appeal that conviction to the Kansas Supreme Court; and if you couldn't afford an attorney for that appeal, one would be appointed to represent you?

"DEFENDANT KENNEY: Yes.

"THE COURT: You understand that by pleading no contest here today, you're giving up those rights I just talked about and there won't be any trial of this matter either to the Court or to a jury?

"DEFENDANT KENNEY: Yes."

Leiker then interjected: "I'm sorry, Judge. Just kind of a house-keeping matter, as part of the plea in the terms of the plea, my client is not actually waiving his right to appeal some of the Court's rulings in the motions that have been filed and discussed here today and previously."

After the prosecutor summarized the State's agreement to dismiss charges and join Kenney's departure motion, the exchange between the judge and Kenney continued:

"THE COURT: Mr. Kenney, is that your understanding of the agreement between your attorney and the State?

"DEFENDANT KENNEY: Yes, it is.

"THE COURT: To your knowledge, is that the entire agreement, what they've told me?

"DEFENDANT KENNEY: What he said, I would have my appeal rights.

"THE COURT: Right. And with that included, that's the entire agreement?

"DEFENDANT KENNEY: Yes, sir."

Still later in the hearing, Leiker referenced the district judge's denial of the motion to withdraw as an "issue that [Kenney] would like to reserve to appeal, among others." After the State provided a factual basis for Kenney's pleas, the district judge accepted them.

Before sentencing, Kenney filed his pro se motion to withdraw his pleas. In the motion, Kenney asserted that he had not understood that K.S.A. 22-3602(a) would preclude his appeal of the outcome on the motions. At a hearing on the motion to withdraw, Kenney stated that he had not realized that he would be "giving up a lot of my constitutional rights." The district judge stated that he had gone over those rights during the plea hearing. The district judge then asked Leiker if he had anything to add to Kenney's remarks. Leiker responded:

"Not really, Judge. I mean, if the Court recalls, I believe the Court did go through his constitutional rights with him before the plea. I went through them when we went through the plea petition. We actually identified a few issues that he wanted to appeal. That was actually pursuant to the terms of the plea agreement, that he be allowed to enter this plea and reserve a few issues for appeal, one of those, I think, being your ruling to not turn over [discovery] evidence. So I think we went

over his rights a little more than in a normal plea because there [were] a couple there that he was hanging onto and reserving for appeal."

The district judge then said:

"All right. And those, I think it was pretty clear in the plea because that was, I think, one of the ways that the plea was worked out, was that [Kenney] would retain some of those rights.

"I'm going to deny the motion to withdraw the plea at this point. I believe the defendant was aware of his rights at the time. I think we went through those probably in more detail than we normally do because of the circumstances."

## DISCUSSION

We examine district court rulings on motions to withdraw plea for abuse of discretion. *State v. Ebaben*, 294 Kan. 807, 811, 281 P.3d 129 (2012). Judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Presentence motions are evaluated on a good cause standard. See K.S.A. 22-3210(d); K.S.A. 22-3602(a).

Kenney's appellate challenge before the Court of Appeals panel focused on whether Leiker had a conflict of interest at the hearing on the motion to withdraw plea and argued that the district judge should have appointed substitute counsel. The panel labeled Kenney's argument "unpersuasive," because Kenney had not explicitly cited Leiker's deficient representation as a basis for his motion to withdraw plea. *State v. Kenney*, No. 106,508, 2012 WL 4794647, at *3-5 (Kan. App. 2012) (unpublished opinion).

The panel was correct that, strictly speaking, the competence of Leiker's representation was not before the district judge on the motion to withdraw plea. However, we are unwilling to make this case more complicated than it is by exalting form over substance.

The record on appeal makes it abundantly clear that neither Leiker nor the district judge understood or communicated all of the appeal rights Kenney would surrender as a matter of law by entering his no contest pleas. In fact, they misled Kenney about his continuing ability post-plea to appeal the outcomes on his mo-

tions. A criminal defendant's misinformation from counsel about the applicable law during plea negotiations—particularly when reinforced by the written plea agreement and by counsel's and the district judge's incorrect statements during the defendant's plea hearing—easily constitutes good cause to withdraw no contest pleas under K.S.A. 22-3602(a).

We recognize that we have previously taken pains to distinguish between analysis of a Sixth Amendment ineffective assistance of counsel claim and analysis of the general merit of a motion to withdraw plea. See, *e.g.*, *State v. Kelly*, 291 Kan. 868, 871, 248 P.3d 1282 (2011). Nevertheless, one of the factors that a district judge should always consider when a motion to withdraw plea has been filed is whether the defendant was represented by competent counsel. 291 Kan. at 871. Here, the district judge failed utterly to give due consideration to this factor. This conclusion is inescapable, because the judge failed more than once to recognize Leiker's faulty legal advice and compounded the issue with his own incorrect statements. Failure to follow the law is an abuse of discretion, and Kenney must be allowed to withdraw his pleas to avoid prejudice to his substantial rights under K.S.A. 60-261.

## CONCLUSION

We reverse the judgment of the district court and the decision of the Court of Appeals and remand this case to the district court for defendant Nathaniel Kenney to be permitted to withdraw his no contest pleas. He should be appointed substitute counsel before the prosecution against him continues.