NOT DESIGNATED FOR PUBLICATION

No. 113,101

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSICA VIGIL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed January 8, 2016. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Daniel D. Gilligan*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., POWELL, J., and DAVID J. KING, District Judge, assigned.

*Per Curiam*: Jessica Vigil was charged with interfering with an arrest and two drug crimes. Her case was set for trial many times and each time the case was continued, more often than not at Vigil's request. Finally, Vigil accepted the State's long-outstanding offer of a plea deal and pled no contest to one of the drug charges. At her plea hearing the court asked Vigil if she understood the plea agreement, the charges, the sentencing range for the charges, and her trial rights. Vigil stated that she did.

Before sentencing, Vigil moved to withdraw her plea. At the evidentiary hearing that followed, Vigil testified that she had wanted to take her case to trial from the

1

beginning. She stated that she had entered her no-contest plea because the case had been going on for too long; she was tired of having to appear in court. She said she was "ready to get it done and over with regardless of the outcome."

Vigil testified that her attorney had not misled her in any way and that her plea had been voluntarily, knowingly, and intelligently made. She testified that at the plea hearing she was not sure what her sentence would be, but she thought it would be prison.

Vigil's attorney testified that she had been surprised Vigil had agreed to the no-contest plea because Vigil had previously been adamant about going to trial. But it was clear that Vigil understood the plea agreement.

The district court denied relief on Vigil's motion, and this appeal followed. The sole issue is whether the district court should have allowed Vigil to withdraw her plea.

A defendant may withdraw a no-contest plea before sentencing "for good cause shown and within the discretion of the court." K.S.A. 2014 Supp. 22-3210(d). So the issue for us is whether the district court abused its discretion in denying Vigil's motion. See *State v. Kenney*, 299 Kan. 389, 393, 323 P.3d 1288 (2014).

In determining whether a defendant has shown "good cause" to withdraw a no-contest plea, Kansas courts generally consider three bases: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). Vigil did not assert any of these bases before the district court. She did not claim that her counsel was incompetent or ineffective. She did not claim that she was misled, coerced, mistreated, or unfairly taken advantage of. She did not contend that she failed to

understand her plea. To the contrary, she explicitly testified that her plea was knowingly, voluntarily, and intelligently made.

On appeal, Vigil argues that she satisfied the good-cause requirement when she testified that she wanted to go to trial but pled no contest out of frustration with how long it was taking to resolve her case. Vigil was simply tired of the ongoing pretrial proceedings when she entered her plea. Later changing her mind is not a basis for allowing Vigil to withdraw her plea. The district court did not abuse its discretion when it denied relief based on the conclusion that Vigil's change of heart was an insufficient reason to allow her to withdraw her plea.

Affirmed.