IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,513

STATE OF KANSAS,
*Appellee,*

v.

WILLIAM F. SCHAAL, JR.,
*Appellant.*

SYLLABUS BY THE COURT

1.

An appellate court reviews a district court's ruling on a presentence motion to withdraw plea for abuse of discretion.

2.

Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.

3.

A plea of guilty may be withdrawn at any time before sentence is adjudged for good cause shown.

1

4.

In determining whether a defendant has shown good cause to withdraw a plea, a district court should consider the three factors identified in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006): (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made.

5.

The three *Edgar* factors should not be applied to the exclusion of other factors.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 10, 2015. Appeal from Wyandotte District Court; ROBERT L. SERRA, judge. Opinion filed November 18, 2016. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed and the case is remanded to the district court with directions.

*Samuel Schirer*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Sheryl L. Lidtke*, chief deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: William F. Schaal, Jr., pled guilty to the crime of eluding a police officer. Before sentencing, he moved to withdraw his plea, which the district court denied. The Court of Appeals affirmed the denial. We now reverse and remand to the district court for further proceedings because it based its denial, in substantial part, on several findings that were unsupported by substantial competent evidence.

2

FACTS AND PROCEDURAL HISTORY

William Schaal, Jr., was charged with committing five or more moving violations while eluding a police officer in violation of K.S.A. 2012 Supp. 8-1568. In consultation with his attorney, Schaal entered into a plea agreement with the State. It agreed not to bring additional charges and to recommend the mitigated sentence of the presumptive sentencing grid block with no additional departures from the block's provisions.

Eluding a police officer under these circumstances was a level 9 person felony, and Schaal's criminal history score was E. This combination created a presumptive sentence of probation under the grid block of 9 to 11 months. K.S.A. 2012 Supp. 21-6804.

Schaal entered his guilty plea at a hearing in November 2012. Based upon Schaal's responses to its questioning, the district court determined that Schaal "voluntarily, knowingly, and understandingly" waived his rights. It accepted his plea and scheduled sentencing for January 2013.

According to later testimony of Schaal's attorney and in court comments by the prosecutor, it was not until January 2013 that they learned he was already serving probation for another crime in the county. And Schaal's attorney then told his client about the negative effect his probationary status would have on his presumptive sentence for the new crime. Specifically, a sentencing judge is authorized to forego a presumptive sentence of probation and impose a custodial sentence for a new felony offense committed while the accused is on probation. See K.S.A. 2012 Supp. 21-6604(f).

After learning he could receive a custodial sentence, Schaal hired a new attorney who filed a motion to withdraw his guilty plea. A hearing on that motion occurred in May of 2013—6 months after his plea hearing. There, Schaal testified he had understood the plea agreement to mean he would receive probation in the range of 9 to 11 months. He

3

further testified his understanding was based on conversations with his former attorney who assured him he would receive probation.

The district court questioned Schaal and considered whether he honestly answered the questions presented to him during the plea colloquy 6 months earlier. During the court's consideration of that prior hearing, it opined on Schaal's credibility:

> "THE COURT:  Let me ask you a couple questions. See if you remember these.
>
> "One of them was:  Do you understand that any agreement that the pros—that they make—being your attorney and the prosecutor—is not binding on the Court; and if they were to agree to a sentence of probation, that would have absolutely no effect on me in terms of binding effect, and I could sentence you to anything that is contained within the statute for this offense and for your criminal history?
>
> "And if you would have answered no, I wouldn't have gone any further.
>
> "Next question:  Has anybody promised you anything or threatened you with anything in order to get you to plead guilty today?
>
> "If you would have said yes, I wouldn't have gone further.
>
> "The next question was:  Has anybody promised you that you're going to get probation?
>
> "And if you would have said yes, that would have ended it. You obviously said no.
>
> "MR. SCHAAL:  (Unintelligible)—
>
> "THE COURT: *So you're telling the Court that you lied to me on all of these answers; is that correct?*

4

"MR. SCHAAL:  I took my lawyer's advice.

"THE COURT:  Okay.

"MR. SCHAAL:  I—I—I said there was even on that I—

"THE COURT:  Answer my question.

"MR. SCHAAL:  Okay.

"THE COURT:  *You lied on this then*?

"MR. LAMB [defense counsel]:  Judge, at this point, I'm going to advise my client to take the fifth.

"MR. SCHAAL:  Okay. Okay. Thank you.

"THE COURT:  Okay." (Emphasis added.)

Contrary to the court's recollection at this plea withdrawal hearing in May 2013, it had never actually asked Schaal at the November 2012 plea hearing whether he understood that the plea agreement was not binding on the court. And contrary to the court's May recollection, it also had never actually asked Schaal at that earlier November hearing if anyone promised him probation in exchange for his plea.

The attorney who handled Schaal's plea hearing testified and denied that he had promised Schaal probation. But he did admit that Schaal's probationary status was not made clear to him or his client until sometime after Schaal had entered his guilty plea. The prosecutor admitted to similar confusion at the time.

At the close of brief arguments the court ruled from the bench. It referred to the questions it believed it asked at the plea hearing, opined again on Schaal's credibility, and denied his motion:

> "We do plea petitions. I read six pages of instructions and questions at length to make sure that whoever is entering a plea is doing so, as the language of the—of the—our memorandum says, 'voluntarily, knowingly, and understandingly.

> "It was my opinion after we did this, *after asking Mr. Schaal these questions*, that he was doing it in that manner.

> "I don't—we're not playing games here. We don't take pleas and then somebody—the result comes that there's another problem. We want to make sure that it's done voluntarily, it's done truthfully.

> "*And for the defendant to come up and say, for all practical purposes, that he lied to me on all the questions is not going to get the job done.*

> "Motion is denied." (Emphasis added.)

A month later, the court, through another judge, imposed a 9-month custodial sentence. Schaal appealed the denial of his motion, and a panel of the Court of Appeals affirmed the denial in an unpublished opinion. *State v. Schaal*, No. 111,513, 2015 WL 4460404 (Kan. App. 2015).

We granted Schaal's petition for review; our jurisdiction is under K.S.A. 60-2101(b). More facts will be added as necessary to the analysis.

ANALYSIS

In Schaal's petition for review, he alleges the district court erred because it: (1) relied on incorrect factual assumptions; (2) applied an incorrect legal standard in evaluating his plea withdrawal motion; and (3) committed misconduct by accusing him of lying during a judicial cross-examination.

Our analysis of the first issue is dispositive of this appeal. Accordingly, we will not consider Schaal's other two alleged errors. See *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 668, 367 P.3d 282 (2016); *Powell v. Kansas Yellow Cab Co.*, 156 Kan. 150, 157, 131 P.2d 686, 690 (1942) (appellate court will not rule on issues if unnecessary to decision unless error is likely to reoccur on remand).

Issue: *The district court abused its discretion by basing its denial, in substantial part, on several findings that were unsupported by substantial competent evidence.*

The Court of Appeals panel concluded that although the district court had a faulty recollection about the questions it asked of Schaal during the plea colloquy in November 2012, "the mistake had no legally material impact" on its ruling denying Schaal's motion to withdraw plea 6 months later. *Schaal*, 2015 WL 4460404, at *3.

We disagree. As explained below, we conclude that the district court abused its discretion when it relied, in substantial part, on its mistaken recollections to reject Schaal's motion.

*Standard of Review*

Before sentencing, a plea may be withdrawn for good cause. K.S.A. 2015 Supp. 22-3210(d)(1). This court reviews a district court's ruling on such a presentence motion

for abuse of discretion. *State v. Kenney*, 299 Kan. 389, 393, 323 P.3d 1288 (2014). Our abuse of discretion standard is well-established:

> "Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law, *i.e.*, the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.*, substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016) (citing *State v. Beaman*, 295 Kan. 853, 865, 286 P.3d 876 [2012]).

The party asserting an abuse of discretion bears the burden of establishing such abuse. See *State v. Schow*, 287 Kan. 529, 541, 197 P.3d 825 (2008).

*Discussion*

We find valuable guidance in another case where a district court was mistaken in its recollection about what had been said before accepting a defendant's plea: *State v. White*, 289 Kan. 279, 211 P.3d 805 (2009). In White's motion to withdraw his no contest plea, he claimed his attorney had failed to advise him of the maximum penalty he could receive for his crimes. Even though the written plea agreement misstated the maximum penalty, the district court denied the motion because it determined that no prejudice occurred. It found that its colloquy with White at the plea hearing had fully informed White of the consequences of his plea, *i.e.*, the maximum penalty for his charges. The court stated:

> "'[A]s part of any plea proceeding the Court engages in a detailed colloquy with the defendant . . . and I believe the record would bear out that I took extra care to make sure Mr. White understood the serious consequences of what he was undertaking to propose to the Court.'" 289 Kan. at 287-88.

8

But after reviewing the hearing transcript in the record on appeal, this court determined that the district court had made confusing statements about White's parole eligibility during the plea hearing, which may not have fully informed him of the consequences of his plea. We ruled that the court erroneously believed—based on its faulty recollection of the plea colloquy—that it had clarified the defendant's "probation" eligibility at the plea hearing. 289 Kan. at 288.

So we concluded substantial competent evidence did not support the district court's findings that the possible penalties, and the consequences of entering a guilty plea, were clearly explained to the defendant. And we reversed the denial of the motion to withdraw the plea.

Here, Schaal emphasizes similar discrepancies between several questions the district court believed it asked at the November 2012 plea hearing and the questions it actually asked. First, according to the plea hearing transcript, the court asked in general if any promises were made to Schaal in exchange for his guilty plea. But at the May 2013 plea withdrawal hearing, the court said it also had asked Schaal more specifically—if "anybody promised you that you're going to get probation?"

Second, the plea hearing transcript does not contain any questions from the court to Schaal about the nonbinding effect of the plea agreement on the sentencing judge, especially regarding "a sentence of probation." But at the May 2013 plea withdrawal hearing, the court said it had asked such a question in November 2012. The court then concluded Schaal must have responded at the plea hearing that he understood the court was not bound by the agreement, and he "obviously" said no one had promised him probation—otherwise the court would not have proceeded.

The panel appeared to minimize the impact of these discrepancies by ruling that the district court simply chose to believe Schaal's "plea" attorney, and not Schaal. According to the panel, the district court therefore found the attorney had not truly promised his client probation months earlier. So "[w]hether Schaal was asked and answered pointed questions about promises of probation at the plea hearing is irrelevant if the facts show he never received such a promise. And the facts, as we must view them, show precisely that." *Schaal*, 2015 WL 4460404, at *3.

We observe several difficulties with the panel's analysis. First, the record does not show that the district court's denial of Schaal's motion to withdraw his plea actually was based on that particular point. Simply put, the court never explicitly found that Schaal was not misled into believing he would receive probation.

Second, the panel itself properly expressed concern about the "troubling tenor" of the plea withdrawal hearing. *Schaal*, 2015 WL 4460404, at *1. While Schaal was on the witness stand, based upon the court's mistaken memory of the colloquy at the November 2012 plea hearing, it outright asked him several times if he was lying: (1) "So you're telling the Court that you lied to me on all of those answers [at the plea hearing]; is that correct?" and (2) "You lied on this then?" More important, the court's determination that Schaal was lying when answering all the questions at the plea hearing was the primary—if not only—basis for denying his motion. "[F]or the defendant to come up and say, for all practical purposes, *that he lied to me on all the questions* is not going to get the job done [*i.e.*, establish good cause under K.S.A. 2015 Supp. 22-3210(d)]. Motion is denied." (Emphasis added.)

In sum, the panel's analysis appears to say it is a proven fact that (1) no promise of probation was made to Schaal merely because (2) the district court believed Schaal's attorney over his client that no promise had ever been made. But the district court essentially found Schaal had been lying throughout—a judicial determination based on

10

some faulty court recollections from the plea hearing 6 months prior. So these mistaken recollections likely affected any credibility choice the panel believed the district court had made between Schaal and his attorney. And as mentioned, these erroneous memories—and the conclusion based upon them that Schaal had been repeatedly lying to the court—also influenced the court's actual decision to deny his motion.

Consequently, we hold the district court abused its discretion because it based its conclusions—in substantial part—on errors of fact, *i.e.*, several findings are unsupported by substantial competent evidence. See *Davisson*, 303 Kan. at 1065 (judicial discretion is abused if substantial competent evidence does not support a factual finding on which such discretion is based); *White*, 289 Kan. at 288 (reversing denial of motion to withdraw plea because substantial competent evidence does not support district court's factual findings).

The decision of the Court of Appeals is reversed. The decision of the district court is reversed, and the matter is remanded for a new hearing on Schaal's motion to withdraw his plea. Because Schaal's motion was filed before his sentencing, on remand the court should determine if Schaal has shown "good cause" for the withdrawal of his plea. K.S.A. 2015 Supp. 22-3210(d)(1).

At this hearing the court should also explicitly consider in its analysis the three factors identified in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). We have described them as "viable benchmarks for judicial discretion" when considering a motion to withdraw a plea, although they should not be applied "to the exclusion of other factors." *State v. Aguilar*, 290 Kan. 506, 512, 231 P.3d 563 (2010). These factors are: "(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).