NOT DESIGNATED FOR PUBLICATION

No. 115,368

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ABDIAZIZ KAHIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed March 3, 2017. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Natalie K. Randall*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.

*Per Curiam*: Abdiaziz Kahin appeals the district court's denial of his presentencing motion to withdraw his no contest plea to one count of aggravated battery. On appeal, Kahin—who primarily speaks a dialect of the Somali language—contends that the district court should allow him to withdraw his plea because of communication difficulties between him and the court-appointed interpreter who translated the proceedings at the plea hearing. The district court found that Kahin gave no indication during the plea hearing that he did not understand the proceedings and that his plea was knowingly and voluntarily entered. Because we find no abuse of discretion or error of law, we affirm the district court's denial of Kahin's motion to withdraw his plea prior to sentencing.

1

On August 23, 2013, Ford County Sheriff's Deputy Brenton Pennington responded to a call reporting a stabbing at a meat processing plant. While at the plant, he learned of an altercation involving Kahin and another employee. The other employee suffered multiple facial wounds and received treatment at a local medical facility.

Deputy Pennington subsequently arrested Kahin, and the State charged him with aggravated battery in violation of K.S.A. 2011 Sup. 21-5413(b)(1)(A). On January 7, 2014, Kahin advised the district court—through an interpreter—that he intended to waive his right to a preliminary hearing. He also told the court—with the assistance of the interpreter—that he understood his right to a preliminary hearing, that he freely and voluntarily waived this right, and that no one had threatened or forced him to waive this right. The district court then accepted the preliminary hearing waiver.

After Kahin entered into a plea agreement with the State, a plea hearing was held on June 10, 2014. As part of the agreement, the State amended the charges against Kahin to aggravated battery in violation of K.S.A. 2011 Supp. 21-5413(b)(2)(B), which has a lower severity level. Kahin was present, in person and with his attorney, at the plea hearing. Moreover, a Somali language interpreter, Nuro Ahmed, appeared by telephone to translate the proceedings.

The transcript of the plea hearing reveals that Ahmed was duly sworn and did not hesitate to ask the district court to repeat various statements made during the proceedings to make sure she could accurately translate them for Kahin. Each time, the district court repeated or clarified its statements for Ahmed. Through the interpreter, Kahin stated that it was his desire for the district court to adopt the plea agreement. The district court then explained Kahin's rights and gave him time to speak privately to his attorney with the assistance of Ahmed.

After an off-the-record discussion with his attorney, Kahin entered a plea of no contest. Kahin, with the assistance of the interpreter, also represented to the court that he freely and voluntarily entered his plea, that he made the decision on his own, and that he was not under the influence of drugs or alcohol. In addition, Kahin told the district court that his attorney had told him about the potential immigration consequences if his plea were accepted. Furthermore, Kahin's attorney represented to the district court that he had discussed immigration at length with Kahin and had sought the advice of an immigration attorney before coming up with the plea agreement in which the parties would jointly ask for a durational departure to probation with an underlying sentence of 5 months.

After hearing the statements of Kahin, his attorney, and the State's attorney, the district court then reviewed the arrest affidavit. Finding that there were enough facts in the record to support the plea, the district court accepted Kahin's plea of no contest and found him guilty of reckless aggravated battery. The district court then ordered a presentence investigation and set the case for a sentencing hearing. Finally, the district court ordered that Kahin would remain free on bond until the sentencing hearing.

Evidently, after members of his family told him that there could be negative immigration consequences associated with his plea, Kahin filed a motion to withdraw his no contest plea prior to sentencing. The district court appointed a new attorney to represent Kahin on his motion and an evidentiary hearing was ultimately held on December 9, 2015. Although the hearing was held in front of the same judge who had conducted the plea hearing, a different interpreter was used. At the hearing, Kahin testified that he had difficulties understanding the interpreter at the plea hearing and that his attorney had not told him about the immigration attorney's advice.

After considering the factors set forth in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), the district court found that the attorney who represented Kahin at the plea hearing had done so competently and that Kahin had knowingly entered his plea.

3

Moreover, the district court found that the record did not support Kahin's position about not understanding the earlier proceedings. Accordingly, the district court found that Kahin had not shown good cause for withdrawing his plea and denied his motion.

The district court then proceeded to sentencing. The district court followed the recommendation in the plea agreement and sentenced Kahin to a 5-month sentence suspended to 12 months' probation. In addition, the district court ordered Kahin to pay $1640.05 in restitution to the Crime Victim's Compensation Board for the victim's medical bills. Thereafter, Kahin filed a timely notice of appeal.

ANALYSIS

On appeal, Kahin contends that the district court erred in denying his motion to withdraw plea. "A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2015 Supp. 22-3210(d)(1). As such, Kahin must establish that the district court abused its discretion in concluding that he had not shown good cause to withdraw his presentence motion to withdraw plea. See *State v. Kenney*, 299 Kan. 389, 393, 323 P.3d 1288 (2014).

A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Moreover, three factors—commonly referred to as the *Edgar* factors—generally guide a district court's consideration of whether a defendant has demonstrated the good cause required by K.S.A. 2015 Supp. 22-3210(d)(1) to withdraw a plea prior to sentencing: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea

4

was fairly and understandingly made. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014), citing *State v. Edgar*, 281 Kan. at 36.

Kahin does not appear to claim on appeal that he was represented by incompetent counsel. Likewise, it does not appear that he is claiming that he was misled, coerced, mistreated, or unfairly taken advantage of in entering his no contest plea. Rather, it appears that Kahin only challenges the district court's determination that he fairly and understandingly made his plea.

A review of the record reflects that the interpreter at the plea hearing took the time necessary to make sure that she understood the statements and questions from the district court and the attorneys so that she could properly translate the proceedings. At no point did Kahin indicate that he did not understand the interpreter. In fact, he indicated he understood the nature of the charges as well as his rights. Furthermore, a discussion was held regarding his immigration status if the district court accepted the plea. Specifically, when the judge asked Kahin if his attorney had explained that there may be immigration consequences if he entered a plea, he said, "my lawyer told me what could happen."

As indicated above, the district court also gave Kahin time during the middle of the plea hearing to speak to his attorney privately with the assistance of the interpreter. After doing so, Kahin entered his no contest plea. The district court then confirmed with Kahin that he freely and voluntarily desired to enter a plea. Again, Kahin indicated he understood, and the district court accepted the plea.

At the evidentiary hearing on the motion to withdraw plea, before the same judge who had heard the plea hearing, Kahin admitted that his lawyer had explained the immigration consequences of his plea to him. After hearing the testimony from Kahin and reviewing the transcript from the plea hearing, the district court appropriately analyzed the motion using the *Edgar* factors. In doing so, the district court noted that the

position Kahin was now taking was "for the most part self-serving" and that the transcript did not support his position. The district court also noted that Kahin only sought to withdraw his plea after he had spoken to his family following the plea hearing. Thus, the district court concluded that Kahin had not shown good cause why his plea should be withdrawn.

We find that the district court applied the appropriate legal standard in considering Kahin's motion to withdraw. Moreover, we do not find the district court's decision that Kahin failed to show good cause to withdraw his plea to be unreasonable, arbitrary, or capricious. Instead, we find the district court's decision to be well reasoned and based on the evidence as well as the judge's own observations regarding Kahin's ability to understand the proceedings at the plea hearing. Ultimately, Kahin received the benefit of his plea bargain, and we can find nothing in the record to suggest that the district court abused its discretion in denying Kahin's motion to withdraw his plea.

Affirmed.