NOT DESIGNATED FOR PUBLICATION

Nos. 116,191
116,192

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PEDRO C. GARCIA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed September 15, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM: Pedro C. Garcia claims the district court abused its discretion in denying his presentencing motion to withdraw his guilty pleas in two consolidated cases. In his first case Garcia was charged with distributing cocaine. In his second case he was charged with distribution of methamphetamine. He ultimately pled guilty to one count of distribution of cocaine and three counts of distribution of methamphetamine.

Garcia was born in Mexico, where he attended school for nine years. He relocated to the United States over 20 years ago. He can read, write, and speak English, but he contends that he is not fluent in English and does not understand some legal terms. But he

regularly speaks English at work, spoke to his arresting officers in English, was given his *Miranda* warnings in English, did not ask for an interpreter when being read his *Miranda* rights, invoked his *Miranda* rights in English, and spoke to his attorney in English.

Garcia hired Jeff Bitner as his attorney. Garcia went to Bitner's office on two or three occasions to discuss the case and develop a plan for the case. Garcia's plan was for Bitner to help him get a favorable plea deal because he wanted to avoid going to trial. Bitner's secretary is fluent in Spanish and English, but according to Bitner, he never needed to call upon his secretary to act as an interpreter for Garcia.

The State initially offered to recommend to the court a 104-month prison sentence in exchange for Garcia's guilty plea. Garcia rejected this offer but told Bitner he would agree to a deal that involved a sentence recommendation that was a "little bit lower." Garcia told Bitner "to try to get me five years." Bitner obtained seven trial continuances while trying for a better offer. Finally, shortly before trial, the State reduced the prison sentence it would recommend in a plea offer to 84 months.

Bitner gave Garcia notice of the State's new offer two days before trial and reviewed it with Garcia in detail, but Garcia initially turned down the offer. Then, on the day of trial, when he realized no better offer would be forthcoming, Garcia told Bitner he would accept the State's offer. Bitner again reviewed the State's proposed agreement with Garcia, who confirmed that he wanted to accept the deal. At Garcia's appearance in court that followed, the court gave Garcia time to once again review the proposed agreement with Bitner and with a language interpreter. The plea hearing commenced after Bitner and the interpreter went over the plea agreement and the Acknowledgement of Rights with Garcia once in English and then again in Spanish.

During the plea hearing, the court explained the plea agreement to Garcia. Garcia confirmed that he understood the agreement and that he had read the statement of his

rights under the plea agreement. He also confirmed that Bitner had explained to him the plea agreement and his rights under the agreement and that he did not have any questions about the plea agreement.

The court then explained to Garcia the trial rights he would be giving up by entering into the agreement and waiving his right to a jury trial. Garcia confirmed that he understood his rights and had no questions about them. Then, after Garcia provided bases for the charges, the court accepted Garcia's guilty pleas to one count of distribution of cocaine and three counts of distribution of methamphetamine, found that his pleas were knowingly and voluntarily made, and found Garcia guilty. Under our sentencing guidelines, the distribution of cocaine conviction called for a presumptive prison sentence of from 46 to 83 months. Each count of distribution of methamphetamine called for a presumptive prison sentence of from 92 to 144 months. Under the plea agreement, the State agreed to recommend to the court a controlling sentence of 84 months in prison.

Before his sentencing hearing Garcia moved to withdraw his pleas, claiming the court lacked jurisdiction over him, that the court and the State engaged in misconduct, that he was denied the effective assistance of counsel, and that his counsel failed to provide him with an interpreter.

At the evidentiary hearing that followed on Garcia's motion, Garcia claimed that he felt pressured to sign the plea agreement because the prosecutor "refused to give [him] any better offer." When the prosecutor asked why Garcia filed the motion to withdraw his pleas, Garcia responded that "the only thing I'm looking for is a way to try to get something better." The district court found Bitner's testimony more credible than that of Garcia and denied relief. This appeal followed.

On appeal, Garcia contends the district court abused its discretion in denying his motion based upon a misapplication of the factors found in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

*Review Standards on Appeal*

Garcia contends our standard of review is de novo because he is challenging the violation of his due process rights arising from the ineffective assistance of counsel he received, the aid of an interpreter he did not receive, and his right to a speedy trial which was violated.

We disagree. This is not a constitutional challenge but a challenge of the district court's decision to deny Garcia's motion to withdraw his guilty pleas. "A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentencing is adjudged." K.S.A. 2016 Supp. 22-3210(d)(1). On appeal, we review the district court's decision to deny a presentence motion to withdraw a plea for any abuse of discretion. *State v. Kenney*, 299 Kan. 389, 393, 323 P.3d 1288 (2014). The district court abuses its discretion when its action is based on an error of law or of fact or when no reasonable person would have taken the view adopted by the district court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Here, Garcia bears the burden of showing that the district court abused its discretion. See *State v. Hulett*, 293 Kan. 312, 319, 263 P.3d 153 (2011). In considering this claim, we do not reweigh the evidence or assess credibility of the witnesses but rather we defer to the district court's factual findings so long as they are supported by substantial competent evidence. *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

When determining whether the defendant has established good cause to grant a motion to withdraw a plea, we apply the factors spelled out in *Edgar*: that is, whether "(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made. [Citation omitted.]" *State v. Bey*, 270 Kan. 544, 545, 17 P.3d 322 (2001).

*Analysis*

■ *Competency of Counsel*

The first *Edgar* factor relates to the competency of a defendant's counsel. Garcia claims Bitner was ineffective due to his failure to communicate with Garcia about upcoming trial events and continuances and due to Bitner's failure to provide Garcia with an interpreter to assist him in understanding "legal jargon." The facts detailed above support an opposite conclusion. (We will address the interpreter issue later.)

Garcia and Bitner met on at least four occasions to discuss the case. Bitner thoroughly explained the range of possible penalties to Garcia and told him his options. Garcia did not want to go to trial, but he wanted a deal that called for a shorter sentence. Bitner negotiated a deal for him that reduced the State's recommended prison sentence from 104 months to 84 months. Bitner obtained trial continuances at Garcia's requests in order to accomplish this. Bitner was retained counsel, not appointed by the court; if Garcia was dissatisfied with his services, he could have fired Bitner at any time.

Bitner talked to Garcia about the option of taking a plea deal or going to trial, about the range of sentences that could be imposed, and about the process leading up to trial. The minimum standard for competent counsel, which Bitner far exceeded, is to advise the client on the range of possible penalties and to discuss the options available to

5

the client. See *State v. White*, 289 Kan. 279, 285-86, 211 P.3d 805 (2009) (quoting *State v. Shears*, 260 Kan. 823, 830, 925 P.2d 1136 [1996]).

The district court did not abuse its discretion in finding that Garcia was represented by competent counsel.

■ *Whether Misled, Coerced, Mistreated, or Unfairly Taken Advantage of*

With respect to the second *Edgar* factor, Garcia claims he was misled, coerced, and taken advantage of because he was not provided a language interpreter. Again, the facts detailed above support an opposite conclusion.

To begin with, given his background, experience, and language proficiency, Garcia's claimed need for an interpreter appears rather disingenuous.

In any event, Bitner reviewed the State's initial offer in English and understood that the recommended sentence being proposed was more than he was willing to accept. He reviewed the State's second offer before trial and again on the day the trial commenced. He reviewed the State's offer with the aid of an interpreter. He did not ask the court for more time with the interpreter before proceeding. Only after having at least two days to consider the offer and reviewing the plea agreement with counsel three times, one of which was in Spanish with an interpreter, did Garcia enter his pleas.

At the hearing on his motion, Garcia described the pressure that was on him when he entered his pleas. After seven trial continuances, he could either go to trial (which he did not want to do) or accept the State's new offer which, although more favorable than before, was less than Garcia wanted and expected. Every settling criminal defendant faces the same alternatives. The fact that a defendant must make such a choice does not

constitute coercion under *Edgar*. If it were so, every plea before sentencing could be undone. Garcia was not coerced into entering his pleas.

■ *Whether Plea Was Fairly and Understandingly Made*

When arguing that the plea was not fairly and understandably made, a defendant must show that the process was unconstitutional. A plea is unconstitutional if it was not entered into voluntarily, knowingly, and intelligently. *Edgar*, 281 Kan. at 36-37. Here, Garcia again contends his pleas were not fairly and understandably made because of the language barrier and the lack of a language interpreter. Once again, the record shows otherwise.

Garcia seems to ignore the fact that he was provided an interpreter with whom he reviewed the agreement in his native tongue before entering his plea. We will not recount the evidence already discussed on the language issue and the pains to which the district court went to explain the agreement and Garcia's rights. It suffices to say that the record does not disclose that because of a language barrier Garcia was unable to knowingly and intelligently waive his rights to a jury trial and the various rights that go with that waiver. Nor did any language barrier interfere with his ability to knowingly and intelligently accept the State's offer and enter pleas that would avoid a jury trial and provide him with a more favorable sentence recommendation from the State.

In conclusion, Garcia fails to demonstrate any abuse of discretion in the district court's denial of his motion to withdraw his guilty pleas.

Affirmed.