NOT DESIGNATED FOR PUBLICATION

No. 113,207

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER RUSSELL GREGORY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed March 24, 2017. Affirmed in part and dismissed in part.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.

*Per Curiam*:  When ruling on a motion to withdraw a plea, a district court should consider three factors, called the *Edgar* factors. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). Christopher Russell Gregory argues that the district court made an error of law by applying the wrong legal standard to his motion to withdraw his plea. While the district court did not explicitly refer to the *Edgar* factors, the district court implied in its analysis that it considered the factors. This is sufficient, as there is no requirement that the district court explicitly discuss the *Edgar* factors.

1

Under K.S.A. 2016 Supp. 21-6811(e)(3), courts classify out-of-state convictions as person crimes if there is a comparable Kansas offense. Gregory also argues that the district court erred in classifying his prior Texas convictions as person felonies. He asserts that because the Texas statutes are broader than the Kansas ones, the district court is prohibited by *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), from finding that the statues are comparable. However, Gregory has now served his entire sentence, so this sentencing issue is moot.

FACTUAL AND PROCEDURAL HISTORY

In July 2012, Gregory's girlfriend called the police when Gregory began punching windows out of their car. By the time a police officer arrived, Gregory had already driven away. The officer pursued Gregory, and at some point Gregory stopped in the middle of the road. When the officer put his car in park, Gregory rammed into it with his truck, disabling the officer's car. Two other officers continued the chase. Gregory rammed their vehicle as well and threw a beer can at it. Gregory continued, striking a third police car on his way. Eventually Gregory drove into a construction zone and got stuck in the mud where the police apprehended him. A blood test showed that Gregory had a blood alcohol level of 0.21.

The State charged Gregory with four counts of aggravated battery of a law enforcement officer, four counts of criminal damage to property, and one count of felony fleeing and eluding. The State later amended the complaint to include a charge of driving under the influence of alcohol (second offense). After a competency evaluation, the district court found that Gregory was competent to stand trial. The district court bound Gregory over after a preliminary hearing on January 29, 2013. From that point, the case was continued for a variety of reasons for over 18 months. These continuances were, with one exception, all at the request of defense counsel. They involved delays to conduct further investigation regarding Gregory's mental competency, delays due to Gregory

2

firing one attorney and filing an ethical complaint against another resulting in new counsel entering the case, delays related to scheduling conflicts of defense counsel, and one court-ordered continuance based on a busy docket.

In June 2014, Gregory filed a pro se motion to dismiss criminal charges due to speedy trial violations. At a hearing on the motion, the district judge noted that the defense had requested every continuance, except for the one the court made on its own motion. The judge found that the State had complied with its burden to bring Gregory to trial in time, and denied Gregory's motion to dismiss. The trial remained scheduled for July 29, 2014.

On July 25, 2014, Gregory entered a plea of no contest to the four counts of aggravated battery of a law enforcement officer and the driving under the influence (second offense) charge. In exchange, the State agreed to dismiss the other charges. Before accepting the plea, the district judge asked Gregory if he understood the charges and their penalties and explained the rights Gregory would forego by pleading guilty or no contest. In response to questioning, Gregory indicated that he was satisfied with his attorney and did not have any complaints regarding the way the State or court had treated him. The court found that Gregory had understandingly, knowingly, intelligently, and voluntarily waived his right to a jury trial and accepted Gregory's no contest plea. Gregory executed an acknowledgement of rights and entry of plea form, which was filed on July 28, 2014.

On August 8, 2014, Gregory made a request to withdraw his plea, arguing that he "was pressured into accepting it." The district court held a hearing on the motion on August 15, 2014. The district judge framed the issue as whether or not the plea colloquy that he had with Gregory at the July 25, 2014, hearing complied with the requirements of K.S.A. 2016 Supp. 22-3210. "[I]n other words," whether the judge "correctly determined that [Gregory] knowingly, intelligently and voluntarily entered the plea and there was a

3

factual basis for the plea." The district judge noted that "nobody pleads guilty or no contest without feeling pressure." Then, the district judge denied Gregory's request, finding that Gregory understood what he was doing when he entered the plea and that it had a factual basis.

Prior to sentencing, Gregory filed a motion to challenge his criminal history, arguing that his two prior Texas convictions were wrongly classified as person felonies. The district court denied the motion and, pursuant to the plea agreement, sentenced Gregory to 66 months in prison.

Gregory appeals.

ANALYSIS

*The district court did not abuse its discretion when it denied Gregory's motion to withdraw his plea.*

Gregory's first argument is that the "district court made an error of law in denying the motion to withdraw plea by failing to consider all relevant circumstances surrounding the plea, includ[ing] the prior events of the case, and by ruling based only on the plea [colloquy] and Mr. Gregory's responses at the plea hearing."

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2016 Supp. 22-3210(d)(1). On appeal, the defendant must establish that the trial court abused its discretion in denying a presentence motion to withdraw plea. *State v. Kenney*, 299 Kan. 389, 393, 323 P.3d 1288 (2014). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. 299 Kan. at 393.

4

Three factors generally guide a district court's consideration of whether a defendant has demonstrated the good cause required by K.S.A. 2016 Supp. 22-3210(d)(1) to withdraw a plea prior to sentencing: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. These factors should not be applied mechanically and to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). These factors are often referred to as the *Edgar* factors, after *Edgar*, 281 Kan. at 36, despite the fact that use of the factors predates *Edgar*. *State v. Aguilar*, 290 Kan. 506, 511, 231 P.3d 563 (2010).

Gregory argues that the district court committed an error of law by only considering the third *Edgar* factor—whether Gregory understood the plea. Gregory argues that the district court failed to address his claim that he had been "'forced into the plea' due to a violation of 'multiple rights' during the two years prior to the entry of the plea." This includes Gregory's right to be present, his right to object to continuances, and his right to a speedy trial. Gregory argues that the cumulative effect of being denied these rights "pressured" him into taking the plea—he felt as though he had been forced to proceed to trial with an attorney he did not want.

Good cause is the cornerstone of the district court's inquiry of whether it should grant a motion to withdraw a plea before sentencing. K.S.A. 2016 Supp. 22-3210(d)(1). While the *Edgar* factors provide guidance to this inquiry, "[t]his court has stated multiple times that a district court is not required to make an express finding on the record for each *Edgar* factor." *State v. Simpson*, No. 109,063, 2014 WL 1193382, at *4 (Kan. App. 2014) (unpublished opinion). Implicit findings are sufficient. 2014 WL 1193382, at *4. And, "the district court is not required to consider all three factors if a defendant supports his or her good cause with only one of the three." 2014 WL 1193382, at *4.

Here, the district court did not explicitly cite to the *Edgar* factors before ruling on Gregory's motion to withdraw his plea. However, the record shows that the district court addressed Gregory's arguments before ruling on the motion to withdraw plea. In essence, Gregory argued that he felt pressured to accept the plea because his attorneys kept continuing the trial in violation of Gregory's speedy trial rights. This claim encompasses the first and second *Edgar* factors—the competency of Gregory's attorneys and whether Gregory was misled, coerced, or mistreated.

The district judge reviewed Gregory's history of attorneys, noting that the first two attorneys withdrew from representation. The judge then explained: "[W]hen you get your attorney fired there's going to be a delay and the case law says that those delays, if it's caused by you, even if you say you don't want a delay, if you do something that causes the delay it's charged to you." This dialogue shows that the district court considered the elements of Gregory's claim, which implies that the district court did not ignore the first two *Edgar* factors.

The district judge also emphasized the plea colloquy. During the plea colloquy, Gregory indicated that he was satisfied with his counsel. When the district judge asked Gregory if he had any complaints regarding how the court or State had treated him, Gregory replied that he did not. At the hearing on the motion to withdraw plea, the district judge asked Gregory if he had been lying when he gave those responses during the plea colloquy. Here, it is important to note that the same judge presided over the entry of Gregory's plea and the hearing on Gregory's motion to withdraw his plea, a factor our Supreme Court has deemed important.

> "'Perhaps most importantly for our purposes, the same judge presided at the plea hearing and at the motion to withdraw plea hearing. At the plea hearing, the judge was able to observe [defendant] when he stated that he understood the nature of the charges against him; that he understood his rights; that he was entering a plea of his own volition;

and that he was not threatened or coerced into entering the plea. Thus, when [defendant] testified at the plea withdrawal hearing that he had been misled, coerced, and forced to enter a plea, the judge was able to ascertain that such testimony "did not comport with what occurred at the time of plea," and to draw a conclusion as to which contradictory testimony was more credible. Likewise, the judge had the opportunity to observe the demeanor of the attorney and interpreter when they contradicted [defendant's] characterization of the plea discussions.'" *State v. Glover*, 50 Kan. App. 2d 991, 1000, 336 P.3d 875 (2014) (quoting *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 [2012]), *rev. denied* 302 Kan. 1014 (2015).

The district court considered Gregory's reasons for wanting to withdraw his plea and concluded that they did not constitute good cause. While the district court did not explicitly mention the *Edgar* factors, the consideration is implied in the district judge's statements and ruling. Thus, the district court did not make an error of law in denying Gregory's motion to withdraw his plea, and its decision is affirmed.

*Even if we assume that the district court erred when it calculated Gregory's criminal history score, his claim is moot because he has served his entire sentence.*

Gregory's criminal history report showed that Gregory had committed three person felony offenses in Texas. Gregory challenged the classification of these felonies as person crimes, but the district court rejected his argument. Based on the criminal history report, the district court assigned Gregory a criminal history score of A. Gregory argues that the district court "engaged in impermissible judicial fact finding, a violation of *Apprendi v. New Jersey*, 530 U.S. 466, [120 S. Ct. 2348, 147 L. Ed. 2d 435] (2000), and *Descamps*" in classifying the felonies as person offenses, thus making his sentence illegal. On appeal, Gregory only challenges the classification of two Texas convictions as person felonies—his 1998 conviction for injury to a child and his 1999 conviction for assault against a public servant.

7

K.S.A. 22-3504(1) states that a "court may correct an illegal sentence at any time." Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Additionally, determining "[w]hether a prior conviction or adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review." *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

Unfortunately there is a procedural bar to Gregory's illegal sentence claim: he has now served his entire jail sentence. A review of the docketing statement that Gregory filed with the court, as well as the sentencing journal entry, suggest that Gregory was eligible for release on or about November 22, 2016. A show cause order was sent to the parties to show why the challenge to Gregory's criminal history score should not be dismissed as moot. The State confirmed that according to the Kansas Department of Corrections, Gregory was released from prison on September 22, 2016, and is currently serving postrelease supervision in Texas. Gregory does not dispute that claim.

Because mootness is a doctrine of court policy, which was developed through court precedent, appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). An appeal is moot if it convincingly appears that the only judgment which could be entered would be ineffectual for any purpose. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). Such is the case here. Gregory has served his entire term of incarceration. Prior panels of this court have found illegal sentencing issues moot once the defendant has completed his or her sentence. See, *e.g.*, *State v. Brown*, No. 112,825, 2015 WL 9286987, at *3 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* January 14, 2016; *State v. Lawrence*, No. 113,470, 2015 WL 7434300, at *3 (Kan. App. 2015) (unpublished opinion); *State v. Tipps*, No. 113,002, 2015 WL 7434683, at *1 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. ___ (December 20, 2016). When the court corrects an illegal sentence, the defendant

8

receives full credit for the time spent in custody under the sentence prior to correction. K.S.A. 22-3504(1). In this case, Gregory has already completely served his sentence and is simply serving his period of postrelease supervision. Any actual controversy over Gregory's sentence has ended, and remanding for resentencing would be ineffectual for any purpose. This is true even though Gregory is still on postrelease supervision.

Postrelease supervision is mandatory. K.S.A. 2016 Supp. 22-3717(d)(l). The length of the supervision is dictated by the severity level of the crime of conviction; criminal history is irrelevant. See K.S.A. 2016 Supp. 22-3717(d)(l)(A)-(C). A 12-month period of postrelease supervision is the statutory minimum. See K.S.A. 2016 Supp. 22-3717(d)(1)(C). Gregory was sentenced to 12 months of postrelease supervision. Assuming without deciding that Gregory's prison sentence was actually too long because of a mistake in determining his criminal history, the excess time of incarceration could not be applied to reduce a mandatory period of postrelease supervision. See *State v. Gaudina*, 284 Kan. 354, 368, 160 P.3d 854 (2007); *State v. Reed*, No. 113,845, 2016 WL 2775148, at *2 (Kan. App. 2016) (unpublished opinion); *State v. Brown*, No. 112,825, 2015 WL 9286987, at *4 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* January 14, 2016; *State v. Dunn*, No. 111,283, 2015 WL 2414362, at *2 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1080 (February 9, 2016). So any change in Gregory's criminal history score would have no legal effect on his period of postrelease supervision.

Accordingly, because it is has been clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights, Gregory's appeal as to his sentence must be dismissed as moot. See *Montgomery*, 295 Kan. at 839-44.

Affirmed in part and dismissed in part.