NOT DESIGNATED FOR PUBLICATION

No. 115,846

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

IRENE LATRICE EDMOND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed October 27, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN, J., and KEVIN P. MORIARTY, District Judge, assigned.

PER CURIAM: Irene Latrice Edmond appeals the district court's denial of her presentence motion to withdraw her guilty plea. For the reasons stated herein, we affirm the district court's judgment.

On May 23, 2013, the State charged Edmond with two counts of abuse of a child. After a preliminary hearing, the information was amended on November 25, 2013, charging Edmond with two counts of abuse of a child and three counts of aggravated

1

endangering a child. The district court found Edmond competent to stand trial at a hearing on May 29, 2014, after receiving an evaluation from Larned State Hospital.

On June 3, 2014, following plea negotiations, Edmond pled guilty to three counts of aggravated endangering a child and the other counts were dismissed. At the hearing, Edmond stated that she was not under the influence of drugs or alcohol, that she was not entering the plea under force or threat, and that she was satisfied with her attorney.

Edmond was diagnosed with cancer after she entered her guilty plea. On December 10, 2014, prior to sentencing, Edmond, now represented by new counsel, filed a motion to withdraw her plea. The motion alleged that at the time of the plea, Edmond "had been in jail for over a year and was suffering extraordinary pain, for which she was not being properly treated, due to her cancer." The motion also alleged that Edmond's prior counsel "would not discuss any option but a guilty plea and would only tell her what to say at the plea hearing so she could get out of jail."

The district court held a hearing on Edmond's motion on December 11, 2014. Edmond and her prior attorney, Thomas Telthorst, both testified at the hearing. Edmond testified that at the time of the plea, she was in a lot of pain due to her cancer. She also testified that Telthorst coached her on what to say during the plea hearing.

Telthorst testified that he met with Edmond at least five times in person and had several phone calls with her during the course of his representation. Telthorst testified that he shared discovery with Edmond, discussed trial options, and possible plea bargains. According to Telthorst, Edmond instructed him to seek a plea offer with the State. Telthorst then negotiated with the prosecutor for Edmond to plead guilty to three counts of aggravated endangering a child in exchange for dismissal of the other counts. Telthorst testified that he met with Edmond in jail to discuss the plea offer and she agreed

to the terms. Finally, Telthorst testified that Edmond did not appear to be in pain and she did not complain about any pain during their meetings and during the plea hearing.

After hearing the evidence, the district court made extensive findings from the bench. The district court acknowledged that a plea could be withdrawn before sentencing for good cause and that the court should consider the three factors set forth in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). The district court found that Edmond was represented by competent counsel at the time of the plea, that she was not misled, coerced, mistreated, nor unfairly taken advantage of before or during her plea, and that the plea was fairly and understandably made. Thus, the district court denied the motion.

At the sentencing hearing on December 22, 2014, the district court imposed a controlling sentence of 18 months' imprisonment and placed Edmond on probation for 12 months. Edmond timely filed a notice of appeal.

On appeal, Edmond claims the district court erred in denying her motion to withdraw her guilty plea. The State responds that the district court acted within its discretion in denying the motion.

K.S.A. 2016 Supp. 22-3210(d)(1) allows a plea to be withdrawn for good cause within the discretion of the court before sentencing. An appellate court reviews the district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. *State v. White*, 289 Kan. 279, 284-85, 211 P.3d 805 (2009).

When deciding whether to grant a defendant's presentence motion to withdraw a plea of guilty, the district court should address what are commonly known as the *Edgar* factors. *Edgar*, 281 Kan. at 36. Under *Edgar*, the district court should consider whether "'(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and

understandingly made.'" 281 Kan. at 36 (quoting *State v. Bey*, 270 Kan. 544, 545, 17 P.3d 322 [2001]).

Here, the district court found that Edmond was represented by competent counsel at the time of the plea, that Edmond was not misled, coerced, mistreated, or unfairly taken advantage of before or during her plea, and that the plea was fairly and understandingly made. These findings were supported by substantial competent evidence. Telthorst testified that he met with Edmond several times prior to the plea. He testified that Edmond directed him to seek a plea offer with the State. Telthorst also testified that he met with Edmond in jail to discuss the plea offer and she agreed with the terms. Telthorst testified that Edmond did not appear to be in pain and she did not complain about any pain during their meetings and during the plea hearing.

Also, as the district court noted, the transcript of the plea hearing indicates that Edmond's plea was voluntary. Edmond stated at the plea hearing that she was not under the influence of drugs or alcohol, that she was not entering the plea under force or threat, and that she was satisfied with her attorney. Edmond disputed these facts when she testified at the hearing on the motion to withdraw her plea, but the district court found Telthorst's testimony more credible than Edmond's testimony. In reviewing a district court's findings of fact, an appellate court does not reweigh the evidence or pass on the credibility of witnesses. *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016).

Based on the record on appeal, substantial competent evidence supports the district court's finding that Edmond failed to establish good cause to withdraw her guilty plea. Thus, we conclude the district court did not abuse its discretion in denying Edmond's presentence motion to withdraw her plea.

Affirmed.

4