NOT DESIGNATED FOR PUBLICATION

No. 117,636

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT DUANE FRANCIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Osborne District Court; PRESTON PRATT, judge. Opinion filed April 27, 2018. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Paul S. Gregory*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HILL, J., and WALKER, S.J.

PER CURIAM:  Robert Duane Francis appeals after entering an *Alford* plea to the charge of attempted sexual exploitation of a child. Specifically, Francis pled no contest because although he claimed that he did not commit the crime, he acknowledged that the State could present sufficient facts upon which he could be found guilty beyond a reasonable doubt. On appeal, Francis contends that the district court erred in denying his presentencing motion to withdraw his no contest plea. Based on our review of the record, however, we conclude that the district court applied the appropriate legal standards and appropriately exercised its discretion in denying the motion to withdraw the no contest plea prior to sentencing. Thus, we affirm.

1

On December 29, 2015, a deputy with the Osborne County Sheriff's Office received a report that Francis was exchanging sexually explicit text messages with a 9-year-old girl. The girl's stepfather made the report to the law enforcement officer. Evidently, the stepfather became aware of the text messages on the girl's cellphone and—posing as the girl—began responding to Francis. After reporting the incident, the stepfather turned the girl's phone over to the Osborne County Sheriff's Office.

In examining the girl's cellphone, Osborne County deputies retrieved multiple text messages that Francis sent to her on December 27 and 28, 2015. Several of the messages were sexually explicit in nature. In addition, the deputies noted a number of phone calls between Francis' cellphone and the child's cellphone. Moreover, during their investigation, the deputies discovered that Francis had met with the girl on at least one prior occasion.

On January 26, 2016, the State charged Francis with three counts: one count of electronic solicitation of a child, in violation of K.S.A. 2015 Supp. 21-5509(a), (b)(2); one count of attempted sexual exploitation of a child, in violation of K.S.A. 2015 Supp. 21-5510(a)(1), (b)(2); and one count of aggravated indecent solicitation of a child, in violation of K.S.A. 2015 Supp. 21-5508(b)(1), (c)(2). Prior to trial, the parties entered into a plea agreement in which Francis agreed to plead no contest to one count of attempted sexual exploitation of a child. In exchange, the State agreed to dismiss the other charges and to recommend a durational departure to 144 months of prison time.

At a plea hearing held on September 14, 2016, Francis entered an *Alford* plea. Although he maintained his innocence, he acknowledged that it would be highly unlikely that a jury would find him not guilty under the facts alleged by the State. After an extensive colloquy, the district court accepted Francis' *Alford* plea and found him guilty

of one count of attempted sexual exploitation of a child. Pursuant to the terms of the plea agreement, the district court dismissed the remaining charges.

On December 14, 2016, the district court held a sentencing hearing. At the beginning of the sentencing hearing, Francis made an oral motion to withdraw his no contest plea. Although he admitted that the evidence made him look guilty, he continued to deny that he committed the crime. As such, the district court allowed Francis to testify under oath regarding why he believed there was good cause to justify withdrawal of his plea. Francis testified that he did not have any complaints regarding his attorney's representation; that he did not feel coerced or bullied into pleading no contest; and that he understood the terms of the plea agreement. Significantly, there was no testimony presented regarding his claim of innocence.

After considering Francis' testimony, the district court found that "there is no good cause to allow the plea to be withdrawn" and stated his reasons for this decision on the record. The district court subsequently journalized its findings and conclusions in an "Order Denying to Withdraw Plea." In the order, the district court found that Francis had claimed at the plea hearing that "he did not commit [the crime] because he knew he was actually texting the child's step-father, but . . . acknowledged there was sufficient facts that if the matter went to trial a jury may find him guilty." Furthermore, the district court found that Francis "now requests to withdraw his plea and proceed to trial because he did not commit the crime because he knew he was actually texting the child's step-father." Rejecting Francis' arguments, the district court concluded that "[t]here is no good cause to allow Defendant to withdraw his plea."

ANALYSIS

On appeal, Francis contends that the district court erred by denying his oral motion to withdraw his *Alford* plea. Specifically, Francis argues the district court failed to

3

consider his claim that he was actually innocent as a basis for good cause to withdraw his plea. The State responds by arguing that the district court was well aware of Francis' claim of innocence both at the plea hearing and at the sentencing hearing.

K.S.A. 2017 Supp. 22-3210(d)(1) grants discretion to district courts in ruling on motions to withdraw pleas filed before sentencing. Accordingly, we review the district court's denial of a motion to withdraw a plea before sentencing for abuse of discretion. *State v. White*, 289 Kan. 279, 284-85, 211 P.3d 805 (2009). A district court may abuse its discretion if the result reached is "arbitrary, fanciful, or unreasonable." *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). Moreover, an abuse of discretion may also occur if the district court fails to consider or to properly apply controlling legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009); see *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

Our Supreme Court has identified three factors—commonly referred to as the *Edgar* factors—to guide a district court's consideration of whether a defendant has demonstrated the good cause required by K.S.A. 2017 Supp. 22-3210(d)(1) to withdraw a plea prior to sentencing. These factors are: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014), citing *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). Although other relevant facts should not be ignored, these factors are "'viable benchmarks'" to guide a district court in exercising its discretion when considering a presentence motion to withdraw plea. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

In the present case, it is important to note that Francis does not contend that any of the *Edgar* factors are applicable to his case. Rather, his only argument is that the district court failed to consider his claim of innocence. See *State v. Garcia*, 295 Kan. 53, 63, 283

4

P.3d 165 (2012). However, a review of the record reveals that the district court was well aware that Francis claimed to be innocent at the time he entered his plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), as well as at the sentencing hearing. Moreover, when given the opportunity to testify at the sentencing hearing in support of his motion to withdraw his *Alford* plea, Francis not only failed to offer any evidence relevant to the *Edgar* factors but he also failed to mention innocence at all. Furthermore, the district court specifically discussed Francis' claim that he did not commit the crime in its "Order Denying Motion to Withdraw Plea."

It is important to recognize that by its very nature, an *Alford* plea—which is usually a no contest plea—is one in which a defendant acknowledges that the State has sufficient evidence to support a conviction without admitting to the crime. *State v. Case*, 289 Kan. 457, 462, 213 P.3d 429 (2009). Here, the record reveals that Francis knowingly and voluntarily entered a plea of no contest to attempted sexual exploitation of a child while maintaining his innocence. At the plea hearing, the State proffered the probable cause affidavit drafted in support of Francis' arrest, which included reproductions of the text messages he exchanged with the 9-year-old girl, allegations of numerous phone calls between Francis and the child, and an allegation that Francis met the girl on at least one occasion. Thus, we conclude that Francis has failed to demonstrate good cause to withdraw his no contest plea and that the district court did not abuse its discretion in denying the motion to withdraw plea.

Affirmed.

5