NOT DESIGNATED FOR PUBLICATION

No. 117,909

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON C. WALKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 22, 2018.
Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before POWELL, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Before he was sentenced for forgery, Defendant Brandon C. Walker
asked to withdraw his guilty plea on the grounds he had been misled about the crime
being a felony and that a felony would prevent him from entering the military. The
Sedgwick County District Court appointed a new lawyer for Walker, held an evidentiary
hearing, and denied the motion. After sentencing, Walker challenged the denial of his
motion on appeal. We find no error in the district court's ruling and affirm.

1

The State charged Walker with one count of forgery in November 2016 for attempting to cash an altered check about six weeks earlier. See K.S.A. 2017 Supp. 21-5823 (defining forgery, a severity level 8 nonperson felony). Walker qualified for an accelerated disposition of the charge under a program the Sedgwick County District Attorney uses to promptly offer persons prosecuted for nonviolent felonies likely to result in probation the "best possible" plea deal, typically including a recommendation for a recognizance bond. With a recognizance bond, pretrial detainees, such as Walker, can be released from jail after they plead and before they are sentenced.

In consultation with his lawyer, Walker took advantage of the accelerated disposition offer and entered a guilty plea to the forgery charge in exchange for the State's recommendation of probation with an underlying prison term based on the low presumptive sentence corresponding to his criminal history category. The State also agreed to join in a request to the district court to give Walker a recognizance bond. The written plea agreement that Walker signed identified forgery as a felony. And during the plea hearing, the district court described forgery as a felony. The district court advised Walker of the rights he was giving up by pleading guilty rather than going to trial and then accepted Walker's plea as being freely and knowingly made. The district court also asked Walker if he was pleading so he could get a recognizance bond. Walker denied that was the reason.

At sentencing three months later, Walker balked and told the district court he never intended to plead to a felony and wanted a misdemeanor. He said that he planned to enlist in the military and would be precluded from doing so if he had a felony conviction. The district court continued the hearing after Walker spoke privately with his lawyer.

Walker then filed a motion to withdraw his plea, claiming his lawyer didn't explain the consequences of the plea and that he felt pressured into pleading. After Walker obtained a new lawyer, the district court held an evidentiary hearing in May 2017.

2

Walker and his former lawyer testified. Walker said he specifically told his lawyer that he wanted to enlist and that a felony conviction would keep him out of the military. He said the lawyer never informed him the plea would result in a felony conviction. Walker offered that he "wasn't quite sure what I was doing" during the plea hearing. Walker gave conflicting testimony on direct and cross-examination about whether he had read the plea agreement before pleading guilty. He also testified that he pleaded guilty to get a recognizance bond so he could be with his family for Thanksgiving—contradicting his representation to the district court at the plea hearing.

Walker's original lawyer outlined how accelerated disposition cases are handled and testified that he explained that process to Walker. The lawyer said Walker never mentioned wanting to enlist in the military or indicated he has some other problem with pleading to a felony. The lawyer testified he advised Walker that the district attorney's plea deal was likely the best that would be offered and that the district attorney could have charged a second forgery count. The lawyer explained that he told Walker the district court would likely approve a recognizance bond as part of a plea. But the lawyer said he did not pressure or coerce Walker into taking the plea deal. The lawyer opined he was confident Walker understood the plea offer and the implications of pleading guilty.

In its bench ruling, the district court cited *State v. Edgar*, 281 Kan. 30, 127 P.3d 986 (2006), and the factors outlined there governing a defendant's withdrawal of a plea. The district court then applied those factors. In doing so, the district court characterized Walker's testimony as "very vague" and his lawyer's testimony as "much more clear and . . . precise." The district court also mentioned the discrepancy between Walker's testimony that he pleaded guilty, at least in part, to get out of jail and his contrary representation during the plea hearing. Those observations amounted to an implicit credibility finding favoring the lawyer's account over Walker's. See *State v. Cheatham*, No. 106,413, 2012 WL 4678522, at *2 (Kan. App. 2012) (unpublished opinion) (district court's "editorial selectivity" in outlining factual findings amounted to implicit credibility

3

determination). The district court concluded: (1) Walker had been adequately represented leading up to and at the plea hearing; (2) he had not been misled or otherwise taken advantage of in pleading; and (3) he fairly and understandingly chose to plead guilty. The district court, therefore, denied Walker's motion to withdraw his plea.

The district court later placed Walker on probation for 18 months with an underlying prison sentence of 9 months, reflecting the low presumptive guidelines sentence. Walker has appealed.

For his only issue on appeal, Walker contends the district court erred in denying his motion to withdraw his plea.

A defendant may withdraw a guilty plea before sentencing in the discretion of the district court upon a showing of good cause. K.S.A. 2017 Supp. 22-3210(d)(1). District courts should look at three primary factors to determine if a defendant has shown good cause to withdraw a plea: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Garcia*, 295 Kan. 53, 62-63, 283 P.3d 165 (2012) (noting that these factors—commonly known as the *Edgar* factors drawn from *Edgar*, 281 Kan. at 36—establish a sound benchmark); *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010). All three factors need not favor the defendant to warrant relief from a plea, and the district court may consider other relevant circumstances in any given case. See *Garcia*, 295 Kan. at 63 (district court not confined to *Edgar* factors); *Williams*, 290 Kan. at 1054 (all of the *Edgar* factors need not favor defendant; court may consider other circumstances); *State v. Aguilar*, 290 Kan. 506, 512-13, 231 P.3d 563 (2010). In assessing the competency of defense counsel, the district court can find "lackluster" advocacy sufficient to establish inadequate representation—a standard considerably more relaxed than the one for constitutionally deficient representation. See *Aguilar*, 290 Kan. at 513.

4

Because the governing statute expressly affords the district court discretion in ruling on a defendant's motion to withdraw a plea before sentencing, an appellate court reviews the determination for abuse of discretion. *State v. White*, 289 Kan. 279, 284-85, 211 P.3d 805 (2009). A district court abuses its discretion if the result reached is "arbitrary, fanciful, or unreasonable." *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). That is, no reasonable judicial officer would have come to the same conclusion if presented with the same record evidence. An abuse of discretion may also occur if the district court fails to consider or to properly apply controlling legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court errs in that way when its decision "'goes outside the framework of or fails to properly consider statutory limitations or legal standards.'" 288 Kan. at 299 (quoting *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 [2007]). Finally, a district court may abuse its discretion if a factual predicate necessary for the challenged judicial decision lacks substantial support in the record. *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011) (outlining all three bases for an abuse of discretion).

On review, we are bound by the district court's credibility determinations and may not reweigh the evidence the parties presented during the hearing on the motion to withdraw the plea. *State v. Anderson*, 291 Kan. 849, Syl. ¶ 3, 249 P.3d 425 (2011) (noting deference to credibility findings and prohibition on weighing of conflicting evidence and applying rule to determination of motion to withdraw plea).

Here, the district court understood the record evidence bearing on Walker's motion to withdraw his plea and applied the correct legal framework to that evidence. Especially given the district court's factual findings, we see no abuse of discretion in denying the motion and recognize the call to fall well within the range of what reasonable judicial officers would do in like circumstances.

Walker was competently represented. His lawyer secured a decent plea deal providing for probation at sentencing and securing the State's cooperation in obtaining Walker's immediate release from jail on a recognizance bond. Although all of that took place early in the case, that doesn't somehow diminish the benefit to Walker—contrary to his contention on appeal. And Walker has never suggested, let alone established, that he abandoned a viable defense to the forgery charge.

Walker suggests there was something impermissibly coercive or unfair about the State offering its "best" plea deal early in the case. We reject that notion. The deal entailed benefits to both the State and Walker with an early resolution of a nonviolent crime that likely would lead to probation. Walker could have declined if he wished to press a defense at trial.

Walker contends he was misled or taken advantage of in pleading because he planned to enlist in the military and a felony conviction would thwart those plans. But the contention fails. The district court effectively found Walker never raised that concern with his lawyer before entering the plea. Moreover, lawyers have no general obligation to outline for clients occupations that may be limited or foreclosed to them as the result of a felony conviction. See *State v. Barahona*, 35 Kan. App. 2d 605, 611-12, 132 P.3d 959 (2006) (defendant need not be informed of collateral effects of felony plea); *Sellers v. State*, No. 112,099, 2015 WL 5750517, at *9 (Kan. App. 2015) (unpublished opinion); cf. *State v. Grajeda*, No. 106,277, 2012 WL 2326026, at *2-3 (Kan. App. 2012) (unpublished opinion) (recognizing lawyer has narrow obligation to advise noncitizen client that criminal conviction may have material immigration consequences).

Walker also says he felt coerced or pressured to take the plea deal to get a recognizance bond before the Thanksgiving holiday, so he could be with his family. At the plea hearing, he denied any such motivation. But external family considerations typically do not amount to legally sufficient reasons to withdraw a plea. See *State v.*

*Thomas*, No. 110,681, 2015 WL 326458, at *5 (Kan. App. 2015) (unpublished opinion); *State v. Gilliland*, No. 104,778, 2012 WL 603226, at *2 (Kan. App. 2012) (unpublished opinion).

Finally, the record refutes Walker's assertion that he didn't understand that he was pleading to a felony. The plea agreement described the charge that way, and the district court referred to the charge and resulting conviction as a felony during the plea hearing.

In sum, the evidence substantially supports the district court's factual findings on the motion to withdraw the plea. And those findings provide an ample basis for the legal conclusion that Walker had failed to show good cause to withdraw his plea. He was represented by competent counsel. He was not impermissibly coerced or otherwise misled or taken advantage of in pleading guilty. He understood the plea and fairly chose to take the State's offer. The district court properly denied Walker's motion.

Affirmed.