EVIENOT DESIGNATED FOR PUBLICATION

No. 121,152

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JARROD SEMBELLO HARRIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed June 12, 2020. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., WARNER, J., and WALKER, S.J.

PER CURIAM: Defendant Jarrod Sembello Harris appeals the Johnson County District Court's denial of his motion to withdraw a guilty plea to a charge of violating the Kansas Offender Registration Act—a motion he filed about four and a half years after he pled. The district court found the motion was untimely and that Harris had failed to show either excusable neglect for the late filing or manifest injustice warranting relief on the merits. We find no error and affirm because Harris has demonstrated no compelling circumstances demonstrating that sort of extreme unfairness and, indeed, actually offers no sound legal reason at all for withdrawing the plea.

1

We provide an overview of the facts. Harris was convicted of a sex offense in 2006, the details of which are irrelevant to this appeal. As a convicted sex offender, Harris was required to register and otherwise comply with the Kansas Offender Registration Act, K.S.A. 2019 Supp. 22-4901 et seq., commonly known as KORA, and apparently did so for a while.

In 2011, Harris entered pleas to several crimes in a consolidated proceeding, and the district court placed him on probation. Again, the details of offenses are irrelevant. Harris violated his probation; the district court ordered him to serve the underlying sentences. When Harris was released from prison, he was placed on postrelease supervision and, therefore, had to report to a parole officer. Under the sentencing statutes in effect at the time, Harris should not have had to complete a period of postrelease supervision, so that amounted to an illegal sentence. But nobody realized it.

Harris got crosswise with his landlord who then told his parole officer he was not really living at the place he had reported to the Johnson County Sheriff's Department as part of his registration obligation under KORA. The parole officer looked into the tip and found that Harris had provided a false residence to the sheriff. Based on that investigation, the district attorney's office charged Harris in 2013 with a felony violation of the KORA reporting requirements. Harris' lawyer worked out an agreement under which Harris pleaded guilty in November 2013 in exchange for the prosecutor's recommendation for a reduced prison sentence. In early 2014, the district court sentenced Harris to 16 months in prison, consistent with the plea agreement.

In March 2018, Harris filed a motion to withdraw his plea to the KORA registration charge, as provided in K.S.A. 2019 Supp. 22-3210(d). Harris reasoned that the lawyer representing him in the KORA case failed to do so competently because the lawyer didn't figure out that Harris had been reporting to the parole officer only as a

2

result of the illegal postrelease supervision imposed on him for the 2011 convictions. And, therefore, the parole officer never should have been in a position to investigate the KORA violation. The district court held a hearing on Harris' motion in October 2018 and deferred any ruling.

Under K.S.A. 2019 Supp. 22-3210(d)(2), a district court may set aside a defendant's plea after sentencing to correct "manifest injustice." A defendant must file a motion to withdraw a plea within a year following the final judicial order in a case up to and including any disposition in the United States Supreme Court. But a defendant may file after that deadline if he or she can show "excusable neglect" for having missed it. K.S.A. 2019 Supp. 22-3210(e). In a bench ruling in April 2019, the district court denied Harris' motion, finding both that he had shown no excusable neglect for the late filing, rendering the motion untimely, and that he had failed to demonstrate manifest injustice, rendering the motion legally inadequate even if it had been timely filed. Harris has appealed.

The appellate courts review the denial of a motion to withdraw a plea for abuse of judicial discretion. *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 (2014). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproved factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). Harris bears the burden of proving abuse of discretion. See *Morris*, 298 Kan. at 1100.

In exercising its discretion under K.S.A. 2019 Supp. 22-3210(d), the district court should consider whether (1) the defendant was represented by competent counsel; (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) the plea was fairly and understandingly made. *Morris*, 298 Kan. at 1100-01; *State v. White*,

289 Kan. 279, 285, 211 P.3d 805 (2009). In a postsentencing motion, a defendant must show his or her lawyer's work fell below the standard for adequate representation required under the Sixth Amendment to the United States Constitution. *State v. Bricker*, 292 Kan. 239, 245, 252 P.3d 118 (2011). Harris, therefore, had to show both that his legal representation "fell below an objective standard of reasonableness" and that absent the substandard lawyering there was "a reasonable probability" the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014). Manifest injustice permitting relief under K.S.A. 2019 Supp. 22-3210(d)(2) must embrace a result that may be characterized as obviously unfair or shocking to the conscience. *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011).

Although the district court likely was correct in determining Harris failed to demonstrate the sort of neglect that would excuse his remarkably long delay in filing the motion, we bypass that ground rather than needlessly rummage around at length in the record and the law to formally address it. Harris loses anyway if he has not established manifest injustice. And he hasn't.

That Harris may have been serving an illegal term of postrelease supervision for the 2011 convictions—convictions that had nothing to do with his obligations to register and report under KORA and his deliberate violation of those obligations—is not a defense here. The illegal sentences on those convictions do not translate into a get out of jail free card for the KORA violation in this case or for any other crime Harris might have committed. Likewise, Harris doesn't get a pass because his parole officer received the tip from his miffed landlord, followed up on it, and informed the sheriff's office of the apparent KORA violation. If Harris had no parole officer, the landlord could have contacted some other law enforcement agent, such as a sheriff's deputy or an officer with the Kansas Bureau of Investigation. The KBI would have been a logical choice, since it maintains a publicly available database on convicts required to comply with KORA. The

4

landlord knew where Harris, as a tenant, actually lived. The balance of an investigation basically required comparing that address with the information Harris had provided to the sheriff's department.

None of that adds up to a legal defense to or excuse for Harris' phony KORA registration. Harris would have had an excellent defense to an accusation he had violated the terms of his postrelease supervision in the other cases, since he wasn't supposed to be on that supervision at all. But he *was* supposed to register (accurately) in compliance with KORA, and he didn't. There was nothing manifestly unjust about his prosecution, plea, or conviction for violating KORA. Assuming Harris' lawyer didn't appreciate that Harris was reporting to a parole officer as the result of an improper punishment in some unrelated cases, that doesn't amount to inadequate legal representation in this case. As we have explained, those circumstances afforded no defense to the KORA violation, so even if his lawyer had presented that information to the district court or to a jury it would not have led to a different outcome in this case.

The district court, therefore, properly found that Harris had not shown manifest injustice supporting the motion to withdraw his plea after sentencing and acted well within its judicial discretion to deny the motion for that reason.

Affirmed.