NOT DESIGNATED FOR PUBLICATION

No. 120,489

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARTHUR FRED WYATT III,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed November 6, 2020. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., HILL and ATCHESON, JJ.


ATCHESON, J.: After Defendant Arthur Fred Wyatt III pleaded guilty to attempted second-degree murder and four other serious felonies arising from a carjacking that went badly awry, he filed a motion with the Johnson County District Court to withdraw those pleas. The district court denied the motion and sentenced Wyatt in conformity with a plea agreement his lawyer had worked out with the district attorney's office. Wyatt has appealed the denial of his motion. We find no error and affirm.

FACTUAL AND PROCEDURAL HISTORY

In September 2016, Wyatt and Wes Simmons approached a woman who had just placed her child in a car seat in her SUV. They struck her several times and attempted to take the vehicle from the parking lot of a large retail store. The woman screamed for help, and two men nearby immediately intervened. One of the men tackled Simmons. Simmons shot but did not kill him. The second man drew a handgun and fatally shot Simmons. Wyatt fled and was later apprehended.

About a week later, the district attorney's office charged Wyatt with one count each of attempted first-degree murder, aggravated battery, attempted aggravated kidnapping, and attempted aggravated robbery and later added one count of aggravated assault. The district court granted Wyatt's request for an appointed lawyer. A couple of months later, Wyatt's family hired a lawyer to represent him, and the court-appointed lawyer withdrew.

Wyatt's retained lawyer conducted a lengthy preliminary hearing in February 2017 at which several witnesses identified Wyatt as a participant with Simmons in the unsuccessful carjacking. Other evidence in the case tied Wyatt to the crime. As outlined later in the testimony at the hearing on Wyatt's motion to withdraw his pleas, Wyatt was initially encouraged about the possible outcome of the case based on comments his lawyer made.

After the preliminary hearing, Wyatt's lawyer and the prosecutor discussed a possible plea deal to avoid trial. The State initially offered to recommend a controlling prison sentence of 272 months if Wyatt pleaded as charged. Through his lawyer, Wyatt rejected that offer and at least two more that included shorter recommended sentences. Wyatt eventually agreed to an arrangement with the district attorney's office in which he would plead guilty to a reduced charge of attempted intentional second-degree murder

and all of the remaining charges with a joint recommendation to the district court for a controlling prison sentence of 180 months.

At a hearing in August 2017, the district court accepted Wyatt's guilty pleas to the amended murder charge and the other charges. Based on the prosecutor's lengthy outline of what the trial evidence would show, which Wyatt acknowledged, the district court found a factual basis for the pleas. During the hearing, the district court advised Wyatt of the rights he would be giving up by entering a plea rather than going to trial. Wyatt informed the district court he had ample time to meet with his lawyer about the plea agreement and was satisfied with the lawyer's services. The district court also went over the possible sentences Wyatt could face on the charges. The district court explained that the recommended sentence was just that—a nonbinding recommendation, and the district court ultimately would decide on the appropriate punishment. The district court scheduled a sentencing hearing.

Before the sentencing, Wyatt informed the district court he wanted to replace his retained lawyer and would take another appointed lawyer. After holding a hearing on Wyatt's request, the district court acceded and appointed a replacement lawyer. Wyatt later drafted and filed his own motion to withdraw his pleas. The district court appointed another lawyer to represent Wyatt on his motion. That lawyer filed an amended motion that largely tracked Wyatt's original request to withdraw his pleas.

The district court held a hearing in April 2018 on the motion. At the hearing, Wyatt testified that although his retained lawyer was initially optimistic about the case, that support seemed to wane as the case went on. The lawyer eventually told Wyatt there were problems with the evidence and advised him to take the plea deal. Wyatt acknowledged that it seemed as if the lawyer "had given up" on him. Wyatt testified that he did not realize he could get another appointed lawyer if he fired his retained lawyer, so he felt constrained to plead guilty. Wyatt's retained lawyer testified about the numerous

3

meetings he had with Wyatt and that he had provided all of the discovery in the case to Wyatt.

The district court determined that the retained lawyer had capably represented Wyatt by obtaining a reduction in the most serious charge and working out a favorable sentencing recommendation. The district court also referred to the plea hearing and Wyatt's expression of satisfaction with his lawyer at that time, implicitly rejecting his immediate testimony to the contrary in support of the motion to withdraw his pleas. The district court denied the motion.

At a later hearing, the district court sentenced Wyatt in conformity with the plea agreement. Wyatt has appealed the denial of the motion to withdraw his plea.

LEGAL ANALYSIS

A defendant has the right to withdraw a plea before sentencing for "good cause" and in the district court's "discretion." K.S.A. 2019 Supp. 22-3210(d)(1). District courts should look at three primary factors to determine if a defendant has shown good cause to withdraw a plea: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Garcia*, 295 Kan. 53, 62-63, 283 P.3d 165 (2012) (noting that these considerations—commonly known as the *Edgar* factors—establish a sound benchmark); *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010); *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). All three factors need not favor the defendant to permit relief from a plea, and the district court should consider other relevant circumstances based on the facts of the particular case. See *Garcia*, 295 Kan. at 63 (district court not confined to *Edgar* factors); *Williams*, 290 Kan. at 1054 (all of the *Edgar* factors need not favor defendant; court may consider other circumstances); *State v. Aguilar*, 290 Kan. 506, 512-13, 231 P.3d 563 (2010).

4

Because the governing statute expressly affords the district court discretion in ruling on a defendant's motion to withdraw a plea before sentencing, an appellate court reviews the determination for abuse of discretion. *State v. White*, 289 Kan. 279, 284-85, 211 P.3d 805 (2009). A district court abuses its discretion if the result reached is "arbitrary, fanciful, or unreasonable." *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). That is, no reasonable judicial officer would have come to the same conclusion if presented with the same record evidence. An abuse of discretion may also occur if the district court fails to consider or to properly apply controlling legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court errs in that way when its decision "'goes outside the framework of or fails to properly consider statutory limitations or legal standards.'" 288 Kan. at 299 (quoting *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 [2007]). Finally, a district court may abuse its discretion if a factual predicate necessary for the challenged judicial decision lacks substantial support in the record. *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011) (outlining all three bases for an abuse of discretion).

On review, we are bound by the district court's credibility determinations and may not reweigh the evidence presented during the hearing on Wyatt's motion. *State v. Anderson*, 291 Kan. 849, Syl. ¶ 3, 249 P.3d 425 (2011) (noting deference to credibility findings and prohibition on weighing of conflicting evidence and applying rule to determination of motion to withdraw plea). Wyatt bears the burden of demonstrating an abuse of discretion. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019).

Wyatt presents a diffuse claim on appeal for the withdrawal of his pleas without any focused discussion of the *Edgar* factors. He largely rests his challenge on his representation that he didn't know that he could get an appointed lawyer to replace his retained lawyer. Wyatt sort of channels that into the third *Edgar* factor related to whether

the pleas were knowingly and understandingly made. That factor commonly bears on the defendant's comprehension of the plea itself rather than external considerations.

Wyatt testified he believed his retained lawyer had given up on him and the case because the lawyer suggested there were problems with the evidence and advised him to take the plea deal for a recommended 180-month sentence. That testimony bears more on the first *Edgar* factor going to the adequacy of the legal representation. To satisfy that factor, Wyatt had to show his representation amounted to "lackluster advocacy," a less demanding standard than incompetence violating the right to counsel protected in the Sixth Amendment to the United States Constitution. See *State v. Schaefer*, 305 Kan. 581, 589, 385 P.3d 918 (2016).

The evidence produced at the plea withdrawal hearing and the district court's findings cut against Wyatt. First, of course, the district court credited Wyatt's statement when he entered his pleas that he was satisfied with the services of his retained lawyer. The testimony at the withdrawal hearing also indicated that the lawyer advised Wyatt to reject several plea offers from the State because the proposed sentencing recommendation was unfavorable. That's a course of conduct inconsistent with lackluster representation. Rather, the lawyer eventually obtained a substantially better plea deal.

Moreover, the lawyer's realistic assessment of potential problems with the defense case does not establish grounds for Wyatt to withdraw the pleas. A lawyer is expected to give his or her client a candid—if negative— evaluation of the case, even if the client might prefer something more hopeful. This court has declined to find that "harsh but accurate advice" about the potential consequences of going to trial rather than pleading supports a defendant's motion to withdraw a plea. *State v. Orona*, No. 118,850, 2019 WL 490523, at *3 (Kan. App. 2019) (unpublished opinion); *State v. Taylor*, No. 112,442, 2015 WL 6835220, at *4 (Kan. App. 2015) (unpublished opinion).

Finally, a defendant must show prejudice as a result of any substandard representation. In the context of a motion to withdraw a plea, the defendant has to establish he or she would have gone to trial rather than having entered the plea. See *State v. Richardson*, 307 Kan. 2, 6, 404 P.3d 671 (2017). Even assuming Wyatt's retained lawyer provided lackluster representation (and the evidence doesn't support that assumption), Wyatt has not suggested he would have gone to trial or what sort of reasonable defense he might have mounted if he did.

The district court understood the factual circumstances of the case and the evidence presented at the hearing on Wyatt's motion to withdraw his pleas. In ruling on the motion, the district court generally alluded to the governing legal standards. Wyatt has not made a persuasive argument otherwise on either score. We then must ask whether the district court abused its discretion in denying the motion because the determination went so far astray that a reasonable judge would not have come to that conclusion. We obviously are not of that view. The decision fell well within the realm of judicial discretion in these circumstances. We find no basis to reverse the district court's denial of Wyatt's motion to withdraw his pleas.

Affirmed.